(115 So. 129)

No. 26789.

PAYNE et al. v. PHILLIPS, Sheriff, et al.

Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

Homestead ☞18—Married woman living with and supported by husband held not entitled to homestead exemption as to unimproved and unoccupied land (Const. 1921, art. 11, § 1); "head of family."

Married woman, not separated from her husband and supported by him, *held* not a head of a family entitled to claim a homestead exemption, under Const. 1921, art. 11, § 1, as to land which was unimproved and never occupied by her as a homestead.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Head of a Family.]

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Jr., Judge.

Suit by Maggie Payne and husband against A. H. Phillips, Sheriff, and others. From a judgment rejecting plaintiffs' demands and dissolving injunction, plaintiffs appeal. Affirmed.

Drew & Drew, of Minden, for appellants.

Stewart & Stewart, of Minden, for appellees.

BRUNOT, J. The plaintiff, aided and authorized by her husband, enjoined the sale of 80 acres of land situated in Webster parish that was seized and advertised for sale in execution of a writ of fi. fa. The petition alleges that plaintiff owns and occupies the property as her homestead; that she has no other property; that the property seized is worth $1,000; and that she has persons legally dependent upon her for support. The answer puts the alleged cause of action and right to an injunction at issue, avers that the injunction was illegally, wantonly, and maliciously obtained, and the prayer thereof is for the rejection of plaintiff's demand, the dissolution of the injunction, and for judgment in solido against plaintiff and her surety for 20 per cent. upon the amount sued for as damages. The case was tried and judgment was rendered rejecting plaintiff's demands and dissolving the injunction.

From this judgment the plaintiff appealed. The defendant has not answered the appeal, or otherwise asked for any amendment of the judgment. The appellant has not followed up the appeal. She has made no appearance in this court and has not filed a brief in the case.

The record shows that appellant's mother formerly owned all of the land that was seized in execution of the judgment; she deeded 40 acres of the land to appellant, but this 40 acres was unimproved and was never occupied by appellant as a homestead; that appellant is a married woman, not separated from her husband; and that her husband supports her and her afflicted son. It is clear that appellant is not the head of a family and is not entitled, as such, to claim a homestead. The pertinent parts of section 1 of article 11 of the Constitution of 1921 are very clear and explicit, and read:

"There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, * * * of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support. * * * The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary."

For the reasons stated, we think the judgment appealed from is correct, and it is therefore affirmed, at appellant's cost.